UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO D. McCASTER,

    Plaintiff,

    v.

STATE OF INDIANA, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-1043-JD-MGG

OPINION AND ORDER

Antonio D. McCaster, a prisoner without a lawyer, filed a complaint against the State of Indiana and Judge Steven P. Meyer. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, McCaster alleges that, on November 14, 2016, he filed a civil case in Tippecanoe County Superior Court against various State officials in connection with his State criminal conviction. Judge Meyer presided over the case and had also presided over the underlying criminal case, which, McCaster alleges, presented a

conflict of interest. On February 26, 2018, despite McCaster's demand for a jury trial, Judge Meyer granted summary judgment against McCaster and dismissed his case. McCaster asserts that Judge Meyer violated his Seventh Amendment right to a jury trial and seeks money damages.

McCaster names the State of Indiana as a defendant. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Department of Correction, as well as to the State itself. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but the State of Indiana has not. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Therefore, McCaster may not proceed against the State of Indiana.

McCaster also names Judge Meyer as a defendant. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Because McCaster asserts a claim against Judge Meyer in connection with his judicial duties, judicial immunity applies, and McCaster cannot proceed against Judge Meyer.

Moreover, even setting aside judicial immunity, McCaster does not describe a constitutional violation. "When there are no disputes of material fact, the court may enter summary judgment without transgressing the Constitution." *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005). "The Seventh Amendment does not entitle parties to a jury trial when there are no factual issues for a jury to resolve." *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 759 (7th Cir. 2006). "The Due Process Clause guarantees litigants an impartial judge, reflecting the principle that no man is permitted to try cases where he has an interest in the outcome." *Franklin v. McCaughtry*, 398 F.3d 955, 959 (7th Cir. 2005). "To prove disqualifying bias, a petitioner must offer either direct evidence or a possible temptation so severe that we might presume an actual, substantial incentive to be biased." *Id.* at 960. In the complaint, McCaster does not suggest that Judge Meyer overlooked any material factual dispute, nor does he suggest that Judge Meyer had any personal interest in the outcome of his civil case.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. 2016); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on February 20, 2019

                                        /s/ JON E. DEGUILIO
                                        JUDGE
                                        UNITED STATES DISTRICT COURT